1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8                  FOR THE DISTRICT OF ARIZONA

9

10

Marvin Arido-Sorro,                        )
                                           )
11                    Petitioner,           )
                                           )
12   vs.                                   )    No. CIV 18-219-TUC-CKJ (JR)
                                           )
13   Charles L. Ryan, *et al.*,            )
                                           )        **ORDER**
14                    Respondents.         )
                                           )
15  _____)

16          On February 6, 2019, Magistrate Judge Jacqueline Rateau issued a Report and

17   Recommendation ("R & R") (Doc. 23) in which she recommended that the Amended

18   Petition[1] Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody

19   (Doc. 10) filed by Marvin Arido-Sorro ("Arido-Sorro") be dismissed with prejudice. Arido-

20   Sorro has filed a Motion for Objections Recommendation for Magistrate Judge (Doc. 48).

21   Respondents have not filed a Response.

22          Additional motions filed by Arido-Sorro are pending before the Court: Rule 6 Motion

23   for Leave of Court to Expand the Record, Rule 7(a)(b)(c), for Section 2254 Cases (Doc. 32),

24   Motion to Disclose Obstruction of Justice by States of Arizona Superior Court, Case No. CR

25   2015-2545 (Doc. 33), Motion to Vacate sentence (Legal and Constitutional Defenses) (Equal

26   Protection U.S. Constitution) (AEDPA Standards) (Docs. 34 and 35), Motion: Re-Disclosed

27   _____

28          [1]Arido-Sorro also submitted a brief (Doc. 9) in support of his habeas petition.

the First was Missing 06/20/2015; Motion: Present Fabrication Arrest Report by Detective

Ives #49854 T.P.D.; Motion: To Vacate with a Memorandum of Understanding (Doc. 36),

Motion to Support of Habeas Corpus Relief – ABA Standards for Criminal Justice (Doc. 37),

Motion for Federal Question Jurisdiction Prosecution – Perjury (Doc. 38), Motion for Federal

Question – Obstruction of Justice or Conspiracy (Doc. 39), Motion for Federal Question

Jurisdiction - Privacy (Doc. 40), Motion: Brady Violation; Motion: Request Rule 4A Search

and Seizure (3)(e)(a), in Accordance with Rule 4A; Motion: Vacate Sentence (Doc. 41),

Motion for Federal Question Fraudulent Concealment (Brady Violation) (Doc. 42), Motion

for Federal Question Right to Remain Silent 5th and 14th (Doc. 43), Motion to Support of

Habeas Corpus Relief; Motion Vacate Conviction in Release (Doc. 44), and Request for

Clarification Status, Rule 16.2(b)(4)(C) LRCiv (Doc. 45).[2]

Additionally, after the issuance of the R & R, Arido-Sorro filed a Motion for Judicial

Notice – Complete and Total Denial of Natural Justice (Doc. 47) and a Motion for Objections

Recommendation for Magistrate Judge (Doc. 48). The Court accepts these documents as

Arido-Sorro's Objections to the R & R.

*Rule 6 Motion for Leave of Court to Expand the Record, Rule 7(a)(b)(c), for Section 2254
Cases* (Doc. 32)

Arido-Sorro seeks discovery regarding bar records and the deposition of defense trial

counsel. Arido-Sorro also seeks to provide testimony regarding interference by the Arizona

Department of Corrections with his receipt of mail regarding bar investigation findings from

California and Arizona.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

---

[2]The magistrate judge declined to address these filings as Arido-Sorro was not granted
leave to submit the additional filings. While this Court agrees with the conclusion of the
magistrate judge, the Court will briefly discuss these motions.

1  However, for good cause, a court may allow discovery in a § 2254 Proceeding.  Rules

2  Governing Section 2254 Cases 6(a). Good cause under Rule 6(a) exists "where specific

3  allegations before the court show reason to believe that the petitioner may, if facts are fully

4  developed, be able to demonstrate that he is . . . entitled to relief[.]"  *Bracy v. Gramley*, 520

5  U.S. 899, 908–09, (1997), *quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969).   As

6  summarized by the Ninth Circuit Court of Appeals:

7      [F]ederal habeas court must allow discovery and an evidentiary hearing only where
       a factual dispute, if resolved in the petitioner's favor, would entitle him to relief . . .
8      Conclusory allegations are not enough to warrant discovery under Rule 6 . . . ; the
       petitioner must set forth specific allegations of fact.  Rule 6 . . . does not authorize
9      fishing expeditions.").

10  *Calderon v. U.S. Dist. Court for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir.

11  1996), *quoting Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir.1994) (footnotes omitted).

12  Here, the information provided to the Court indicates that any disciplinary proceedings

13  against trial defense counsel involved financial management (e.g, management of trust

14  account and client funds) and not the substantive representation of clients.  Further, although

15  Arido-Sorro refers to the disbarment of counsel, the documentation provided to the Court

16  indicates counsel has been censured and suspended, but not disbarred, and was in active

17  status at the time of Arido-Sorro's proceedings.  *See also* Calif. Bar Summary of Abrams,

18  http://members.calbar.ca.gov/fal/Licensee/Detail/117481. Arido-Sorro has not shown how

19  any such misconduct is relevant to whether trial defense counsel provide effective assistance

20  to Arido-Sorro.  In other words, Arido-Sorro has not made any specific allegations which

21  provide the Court reason to believe Arido-Sorro may be entitled to relief if discovery was

22  permitted and facts were fully developed.  The Court will deny this request.

23

24  *Motion to Disclose Obstruction of Justice by States of Arizona Superior Court, Case No. CR
    2015-2545* (Doc. 33), *Motion to Vacate sentence (Legal and Constitutional Defenses) (Equal
25  Protection U.S. Constitution) (AEDPA Standards)* (Docs. 34 and 35); *Motion: Re-Disclosed
    the First was Missing 06/20/2015; Motion: Present Fabrication Arrest Report by Detective
26  Ives #49854 T.P.D.; Motion: To Vacate with a Memorandum of Understanding* (Doc. 36),
    *Motion for Federal Question Jurisdiction Prosecution – Perjury* (Doc. 38); *Motion for
27  Federal Question – Obstruction of Justice or Conspiracy* (Doc. 39); *Motion for Federal*

28

1  *Question Jurisdiction - Privacy* (Doc. 40); *Motion: Brady Violation; Motion: Request Rule*
*4A Search and Seizure (3)(e)(a), in Accordance with Rule 4A; Motion: Vacate Sentence*
2  (Doc. 41); *Motion for Federal Question Fraudulent Concealment (Brady Violation)* (Doc.
42); *Motion for Federal Question Right to Remain Silent 5th and 14th* (Doc. 43); *Motion to*
3  *Support of Habeas Corpus Relief; Motion Vacate Conviction in Release* (Doc. 44)

4    These pending motions filed by Arido-Sorro repeat and supplement the allegations

5  and arguments made by Arido-Sorro in his habeas petition and supplemental brief. However,

6  Arido-Sorro has not provided any reasons in the habeas petition, supplemental brief, or

7  pending motions why the allegations and arguments presented in his habeas petition and

8  supporting brief insufficiently present his claims. The Court will summarily deny these

9  motions.

10

11  *Motion to Support of Habeas Corpus Relief – ABA Standards for Criminal Justice* (Doc. 37)

12    In his habeas petition, Arido-Sorro requested the opportunity to supplement his

13  ineffective assistance of counsel claims. The Court accepts this motion as Arido-Sorro's

14  supplement to this claim. The Court will grant this request to the extent it provides

15  supplemental argument to the Court.

16

17  *Request for Clarification Status, Rule 16.2(b)(4)(C) LRCiv* (Doc. 45)

18    Arido-Sorro submits exhibits that were previously provided and submits additional

19  exhibits. The Court accepts the submission of these documents in support of Arido-Sorro's

20  habeas petition.

21

22  *Report and Recommendation*

23    This Court "may accept, reject, or modify, in whole or in part, the findings or

24  recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C.

25  § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then

26  this Court is required to "make a de novo determination of those portions of the [report and

27  recommendation] to which objection is made." "The objections must specifically identify

28

1  those findings or recommendations to which objections are being made. Frivolous,

2  conclusive or general objections need not be considered by the district court." *Battle v. U.S.*

3  *Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). To be "specific," the objection must,

4  with particularity, identify the portions of the proposed findings, recommendations, or report

5  to which it has an objection and the basis for the objection. *See Mario v. P & C Food*

6  *Markets, Inc.*, 313 F.3d 758, 766 (2nd Cir. 2002).

7        28 U.S.C. § 636(b)(1) does not "require [] some lesser review by [this Court] when

8  no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Rather, this Court

9  is not required to conduct "any review at all . . . of any issue that is not the subject of an

10  objection." *Id*. at 149. Moreover, under Fed.R.Civ.P. 72(b), a district court may adopt those

11  parts of a magistrate judge's report to which no *specific objection* is made, provided they are

12  not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 151-153 (1985); *United States v.*

13  *Reyna-Tapia*, 328 F.3d 1114, 1119 (9th Cir. 2003).

14        In this case, the Objection filed by Arioo-Sorro does not make any specific objections

15  to the R & R. Indeed, instead of citing objections to specific portions of the R & R, Arido-

16  Sorro merely submitted a revised version of the same arguments it presented to the

17  Magistrate Judge. As stated by another district court:

18        This . . . is an improper attempt to rehash his entire argument and have this Court
       conduct a duplicative review where nearly every issue presented to the Magistrate
19       Judge was raised for a second time on objection. *Camardo v. Gen. Motors*
       *Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)
20       ("parties are not to be afforded a 'second bite at the apple' when they file objections
       to a Report and Recommendation, as the 'goal of the federal statute providing for the
21       assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal
       judiciary.'"" (quoting *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn.
22       1982))).

23  *Kenniston v. McDonald*, No. 15-CV-2724-AJB-BGS, 2019 WL 2579965, at *8 (S.D. Cal.

24  June 24, 2019).

25        As Arido-Sorro has not made any specific objections to the R & R, the Court will

26  conduct an independent review of the R & R and review it for any clearly erroneous

27  conclusions.

28

*Review of Report and Recommendation*

The Court has reviewed the R & R and finds that it is not clearly erroneous. The Court, therefore, will adopt the R & R.

However, the Court finds it appropriate to briefly discuss Arido-Sorro's claim of ineffective assistance of his Rule 32 counsel. Arido-Sorro asserts in his Brief that Rule 32 counsel impeded his right to timely file a Rule 32 petition, "precluding him from raising additional claims for relief." Brief (Doc.9, p. 3). He asserts the letter received from Rule 32 counsel was not received until after August 16, 2018, which compromised this action and the filing of a timely second Rule 32 petition. The magistrate judge considered this allegation in determining whether Arido-Sorro had established cause and prejudice to excuse the non-exhaustion of claims, but did not independently consider whether Rule 32 counsel provided ineffective assistance.

As stated by the magistrate judge, "Arido-Sorro must show both deficient performance and prejudice in order to establish that his counsel's representation was ineffective." R & R, p. 14, *citing Strickland v. Washington*, 466 U.S. 668 (1984). However, as discussed by the magistrate judge, Arido-Sorro has not demonstrated that trial counsel was ineffective. In other words, Arido-Sorro cannot demonstrate he was prejudiced by Rule 32 counsel's alleged impeding of Arido-Sorro's filing of a Rule 32 petition because he would not have been successful in a Rule 32 proceeding. The Court finds Arido-Sorro has failed to demonstrate he was prejudiced by Rule 32 counsel's alleged deficiency. Further, the Court finds Arido-Sorro has not shown cause and prejudice or actual innocence resulting in a miscarriage of justice would result from the lack of review. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995).

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see also Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not automatically waive appellate challenge)   In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Arido-Sorro's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

1    Accordingly, IT IS ORDERED:

2    1.    The Rule 6 Motion for Leave of Court to Expand the Record, Rule 7(a)(b)(c),

3    for Section 2254 Cases (Doc. 32) is DENIED;

4    2.    The Motion to Disclose Obstruction of Justice by States of Arizona Superior

5    Court, Case No. CR 2015-2545 (Doc. 33), Motion to Vacate sentence (Legal and

6    Constitutional Defenses) (Equal Protection U.S. Constitution) (AEDPA Standards) (Docs.

7    34 and 35); Motion:  Re-Disclosed the First was Missing 06/20/2015; Motion: Present

8    Fabrication Arrest Report by Detective Ives #49854 T.P.D.; Motion: To Vacate with a

9    Memorandum of Understanding (Doc. 36), Motion for Federal Question Jurisdiction

10   Prosecution – Perjury (Doc. 38); Motion for Federal Question – Obstruction of Justice or

11   Conspiracy (Doc. 39); Motion for Federal Question Jurisdiction - Privacy (Doc. 40); Motion:

12   Brady Violation; Motion: Request Rule 4A Search and Seizure (3)(e)(a), in Accordance with

13   Rule 4A; Motion: Vacate Sentence (Doc. 41); Motion for Federal Question Fraudulent

14   Concealment (Brady Violation) (Doc. 42); Motion for Federal Question Right to Remain

15   Silent 5th and 14th (Doc. 43); Motion to Support of Habeas Corpus Relief, and; Motion

16   Vacate Conviction in Release (Doc. 44) are DENIED.

17   3.    Pursuant to the Request for Clarification Status, Rule 16.2(b)(4)(C) LRCiv

18   (Doc. 45) the Court accepts the submission of the documents in support of Arido-Sorro's

19   habeas petition.

20   4.    The Motion for Judicial Notice – Complete and Total Denial of Natural Justice

21   (Doc. 47) and a Motion for Objections Recommendation for Magistrate Judge (Doc. 48),

22   accepted as Arido-Sorro's Objection to the R & R, are OVERRULED.

23   5.    The Report and Recommendation (Doc. 46) is ADOPTED;

24   6.    Arido-Sorro's Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas

25   Corpus by a Person in State Custody (Doc. 10) is DENIED;

26   7.    The Clerk of the Court shall enter judgment and shall then close its file in this

27   matter, and;.

28

1    8.    A Certificate of Appealability shall not issue in this case.

2    DATED this 7th day of January, 2020.

_____
Cindy K. Jorgenson
United States District Judge